**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

REGIS ELLIS and BONNIE ELLIS,  )
His Wife,  )
  )
    Plaintiffs,  )
  )
    v.  )  CIVIL ACTION NO. 2:09-cv-1414
  )
BEEMILLER, INC., MKS SUPPLY,  )
INC., t/d/b/a HI-POINT FIREARMS,  )
FEDERAL CARTRIDGE COMPANY a  )
Wholly Owned Subsidiary of ATK  )
CORPORATION,  )
  )
    Defendants.  )

## DEFENDANT BEEMILLER, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

COMES NOW Defendant BEEMILLER, INC. (hereinafter "Defendant"), by and through counsel, and hereby answers Plaintiffs REGIS ELLIS and BONNIE ELLIS' Complaint (hereinafter "Complaint") as follows:

1.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in Paragraph 1 of the Complaint and, on that basis denies said allegations.

2.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in Paragraph 2 of the Complaint and, on that basis denies said allegations.

3.    Defendant admits that Beemiller, Inc. is an Ohio corporation with its principal place of business in Mansfield, Ohio and that Beemiller, Inc. designs, manufactures, and sells Hi-Point firearms. Defendant states that the remaining allegations contained in Paragraph 3 of the Complaint assert questions of law for which

no response is necessary.  To the extent a response is required, Defendant denies the remaining allegations asserted in Paragraph 3 of the Complaint and refers all questions of law to the Court.

4.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in Paragraph 4 of the Complaint and, on that basis denies said allegations.

5.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in Paragraph 5 of the Complaint and, on that basis denies said allegations.

6.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in Paragraph 6 of the Complaint and, on that basis denies said allegations.

7.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in Paragraph 7 of the Complaint and, on that basis denies said allegations.

8.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in Paragraph 8 of the Complaint and, on that basis denies said allegations.

9.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in Paragraph 9 of the Complaint and, on that basis denies said allegations.

10.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in Paragraph 10 of the Complaint and, on that basis denies said allegations.

11.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in Paragraph 11 of the Complaint and, on that basis denies said allegations.

## AS AND FOR AN ANSWER TO COUNT I OF THE COMPLAINT
## REGIS ELLIS vs. BEEMILLER, INC.

12.     Defendant realleges and incorporates by reference its responses to Paragraphs 1 through 11 of the Complaint.

13.     Defendant admits only that it sells Hi-Point firearms.  Defendant states that the remaining allegations asserted in Paragraph 13 of the Complaint assert questions of law for which no response is necessary.   To the extent a response is required, Defendant denies the remaining allegations asserted in Paragraph 13 of the Complaint and refers all questions of law to the Court.

14.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in Paragraph 14 of the Complaint and, on that basis denies said allegations.

15.     Defendant denies the allegations asserted in Paragraph 15 of the Complaint.  Defendant specifically denies that it sold a firearm in a "defective condition rendering it unreasonably dangerous."

16.     Defendant denies the allegations asserted in Paragraph 16 of the Complaint.  Defendant specifically denies that the firearm referenced in Paragraph 16 of Plaintiff's complaint is "defective" in any manner.

17.    Defendant denies the allegations asserted in Paragraph 17 of the Complaint. Defendant specifically denies that the firearm referenced in Paragraph 17 of Plaintiff's Complaint is "defective" or that it malfunctioned in any manner.

18.    Defendant denies the allegations asserted in Paragraph 18 of the Complaint. Defendant specifically denies that the firearm referenced in Paragraph 18 of the Complaint was "defective" or was not labeled with "proper warnings."

19.    Defendant denies the allegations asserted in Paragraph 19 of the Complaint and the allegations set forth in subparts "a" and "b" therein. Defendant specifically denies responsibility for any damages that the Plaintiff may have sustained and that it "breach[ed] the mandates of §402A." Defendant states that the remaining allegations contained in Paragraph 19 of the Complaint assert questions of law for which no response is necessary. To the extent a response is required, Defendant denies the remaining allegations asserted in Paragraph 19 of the Complaint and refers all questions of law to the Court.

20.    Defendant denies the allegations asserted in Paragraph 20 of the Complaint, the allegations set forth in subparts "a" through "h," and the Wherefore clause therein. Defendant specifically denies responsibility for any damages that the Plaintiff may have sustained and that it "breach[ed] the mandates of §402A." Defendant states that the remaining allegations contained in Paragraph 20 of the Complaint assert questions of law for which no response is necessary. To the extent a response is required, Defendant denies the remaining allegations asserted in Paragraph 20 of the Complaint and refers all questions of law to the Court.

## AS AND FOR AN ANSWER TO COUNT II OF THE COMPLAINT

## REGIS ELLIS vs. BEEMILLER, INC.

21.     Defendant realleges and incorporates by reference its responses to Paragraphs 1 through 20 of the Complaint.

22.     Defendant denies the allegations asserted in Paragraph 22 of the Complaint, the allegations set forth in subparts "a" through "e," and the Wherefore clause therein.  Defendant specifically denies responsibility for any damages the Plaintiffs may have sustained and that it was "negligent" in any respect.

23.     Defendant states that the allegations contained in Paragraph 23 of the Complaint assert questions of law for which no response is necessary.  To the extent a response is required, Defendant denies the allegations asserted in Paragraph 23 of the Complaint and in the Wherefore clause therein and refers all questions of law to the Court.  Defendant specifically denies responsibility for any damages the Plaintiffs may have sustained and that it was "negligent" in any respect.

## AS AND FOR AN ANSWER TO COUNT III OF THE COMPLAINT

## REGIS ELLIS vs. BEEMILLER, INC.

24.     Defendant realleges and incorporates by reference its responses to Paragraphs 1 through 23 of the Complaint.

25.     Defendant states that the allegations contained in Paragraph 25 of the Complaint assert questions of law for which no response is necessary.  To the extent a response is required, Defendant denies the allegations asserted in Paragraph 25 of the Complaint and refers all questions of law to the Court.

26.     Defendant states that the allegations contained in Paragraph 26 of the Complaint assert questions of law for which no response is necessary.  To the extent a response is required, Defendant denies the allegations asserted in Paragraph 26 of the Complaint and refers all questions of law to the Court.

27.     Defendant states that the allegations contained in Paragraph 27 of the Complaint assert questions of law for which no response is necessary.  To the extent a response is required, Defendant denies the allegations asserted in Paragraph 27 of the Complaint and the Wherefore clause therein and refers all questions of law to the Court specifically denies responsibility for any damages the Plaintiffs may have sustained.

## AS AND FOR AN ANSWER TO COUNT IV OF THE COMPLAINT

## REGIS ELLIS vs. MKS SUPPLY, INC. t/d/b/a HI-POINT FIREARMS

28.     Defendant realleges and incorporates by reference its responses to Paragraphs 1 through 27 of the Complaint.

29.     Defendant states that the allegations contained in Paragraph 29 of the Complaint assert questions of law for which no response is necessary.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 29 of the Complaint and, on that basis denies said allegations and refers all questions of law to the Court.

30.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in Paragraph 30 of the Complaint and, on that basis denies said allegations.

31.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in Paragraph 31 of the Complaint and, on that basis denies said allegations and refers all questions of law to the Court.

32.     Defendant states that the allegations contained in Paragraph 32 of the Complaint assert questions of law for which no response is necessary.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in Paragraph 32 of the Complaint and, on that basis denies said allegations and refers all questions of law to the Court.

## AS AND FOR AN ANSWER TO COUNT V OF THE COMPLAINT

## REGIS ELLIS vs. MKS SUPPLY, INC. t/d/b/a HI-POINT FIREARMS

33.     Defendant realleges and incorporates by reference its responses to Paragraphs 1 through 32 of the Complaint.

34.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in Paragraph 34 of the Complaint and subparts "a" through "e" therein and, on that basis denies said allegations.

35.     Defendant states that the allegations contained in Paragraph 35 of the Complaint assert questions of law for which no response is necessary.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in Paragraph 35 of the Complaint and the Wherefore clause therein and, on that basis denies said allegations and refers all questions of law to the Court.

## AS AND FOR AN ANSWER TO COUNT VI OF THE COMPLAINT

## REGIS ELLIS vs. MKS SUPPLY, INC. t/d/b/a HI-POINT FIREARMS

36.     Defendant realleges and incorporates by reference its responses to Paragraphs 1 through 35 of the Complaint.

37.     Defendant states that the allegations contained in Paragraph 37 of the Complaint assert questions of law for which no response is necessary.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 37 of the Complaint and, on that basis denies said allegations and refers all questions of law to the Court.

38.     Defendant states that the allegations contained in Paragraph 38 of the Complaint contain questions of law for which no response is necessary.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 38 of the Complaint and, on that basis denies said allegations and refers all questions of law to the Court.

39.     Defendant states that that allegations contained in Paragraph 39 of the Complaint assert questions of law for which no response is necessary.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in Paragraph 39 of the Complaint and the Wherefore clause therein and, on that basis denies said allegations and refers all questions of law to the Court.

## AS AND FOR AN ANSWER TO COUNT VII OF THE COMPLAINT

## REGIS ELLIS vs. FEDERAL CARTRIDGE COMPANY a wholly owned subsidiary of ATK CORPORATION

40.     Defendant realleges and incorporates by reference its responses to Paragraphs 1 through 39 of the Complaint.

41.     Defendant states that the allegations contained in Paragraph 41 of the Complaint assert questions of law for which no response is necessary.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 41 of the Complaint and, on that basis denies said allegations and refers all questions of law to the Court.

42.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 42 of the Complaint and, on that basis denies said allegations.

43.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 43 of the Complaint and, on that basis denies said allegations.

44.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44 of the Complaint and, on that basis denies said allegations.

45.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 45 of the Complaint and, on that basis denies said allegations.

46. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 46 of the Complaint and, on that basis denies said allegations.

47. Defendant states that the allegations contained in Paragraph 47 of the Complaint assert questions of law for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 47 of the Complaint and the Wherefore clause therein and, on that basis denies said allegations and refers all questions of law to the Court.

## AS AND FOR AN ANSWER TO COUNT VIII OF THE COMPLAINT

### REGIS ELLIS vs. FEDERAL CARTRIDGE COMPANY a wholly owned subsidiary of ATK CORPORATION

48. Defendant realleges and incorporates by reference its responses to Paragraphs 1 through 47 of the Complaint.

49. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in Paragraph 49 of the Complaint and subparts "a" through "e" therein and, on that basis denies said allegations.

50. Defendant states that the allegations contained in Paragraph 50 of the Complaint assert questions of law for which no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 50 of the Complaint and there Wherefore clause therein and, on that basis denies said allegations and refers all questions of law to the Court.

## AS AND FOR AN ANSWER TO COUNT IX OF THE COMPLAINT

## REGIS ELLIS vs. FEDERAL CARTRIDGE COMPANY a wholly owned subsidiary of ATK CORPORATION

51.     Defendant realleges and incorporates by reference its responses to Paragraphs 1 through 50 of the Complaint.

52.     Defendant states that the allegations contained in Paragraph 52 of the Complaint assert questions of law for which no response is necessary.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 52 of the Complaint and, on that basis denies said allegations and refers all questions of law to the Court.

53.     Defendant states that the allegations contained in Paragraph 53 of the Complaint assert questions of law for which no response is necessary.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 53 of the Complaint and, on that basis denies said allegations and refers all questions of law to the Court.

54.     Defendant states that the allegations contained in Paragraph 54 of the Complaint assert questions of law for which no response is necessary.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 54 of the Complaint and the Wherefore clause therein and, on that basis denies said allegations and refers all questions of law to the Court.

## AS AND FOR AN ANSWER TO COUNT X OF THE COMPLAINT

## BONNIE ELLIS vs. BEEMILLER, INC.

55.     Defendant realleges and incorporates by reference its responses to Paragraphs 1 through 54 of the Complaint.

56.     Defendant denies the allegations asserted in Paragraph 56 of the Complaint, subparts "a" and "b," and the Wherefore clause therein.    Defendant specifically denies that it breached "the mandates of §402A," any warranties that it allegedly made to the Plaintiffs, and any and all allegations of negligence.    Defendant also specifically denies responsibility for any damages the Plaintiffs may have sustained. Defendant states that the remaining allegations contained in Paragraph 56 of the Complaint assert questions of law for which no response is necessary.    To the extent a response is required, Defendant denies the remaining allegations in Paragraph 56 of the Complaint and refers all questions of law to the Court.

## AS AND FOR AN ANSWER TO COUNT XI OF THE COMPLAINT

## BONNIE ELLIS vs. MKS SUPPLY, INC. t/d/b/a HI-POINT FIREARMS

57.     Defendant realleges and incorporates by reference its responses to Paragraphs 1 through 56 of the Complaint.

58.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 58 of the Complaint and the Wherefore clause therein and, on that basis denies said allegations.

### AS AND FOR AN ANSWER TO COUNT XII OF THE COMPLAINT

### BONNIE ELLIS vs. FEDERAL CARTRIDGE COMPANY a wholly owned subsidiary of ATK CORPORATION

59.     Defendant realleges and incorporates by reference its responses to Paragraphs 1 through 58 of the Complaint.

60.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 60 of the Complaint and the Wherefore clause therein and, on that basis denies said allegations.

### AS AND FOR AN ANSWER TO COUNT XIII OF THE COMPLAINT

### REGIS ELLIS and BONNIE ELLIS vs. BEEMILLER, INC., MKS SUPPLY, INC. t/d/b/a HI-POINT FIREARMS, and FEDERAL CARTRIDGE COMPANY a wholly owned subsidiary of ATK CORPORATION

61.     Defendant realleges and incorporates by reference its responses to Paragraphs 1 through 60 of the Complaint.

62.     Defendant denies the allegations in Paragraph 62 of the Complaint directed toward this answering Defendant.  Defendant specifically denies that it breached "the mandates of §402A," any warranties that it allegedly made to the Plaintiffs, and any and all allegations of negligence.  Defendant also specifically denies responsibility for any damages the Plaintiffs may have sustained.  Defendant further denies that the Plaintiffs are entitled to the relief set forth in the Wherefore clause in Paragraph 62 of the Complaint from this answering Defendant.  With respect to the other Defendants, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted in Paragraph 62 of the Complaint and the Wherefore clause therein and, on that basis denies said allegations.  Defendant states that the remaining allegations contained in Paragraph 62 of the Complaint assert questions of law

13

for which no response is necessary. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 62 of the Complaint and refers all questions of law to the Court.

## AFFIRMATIVE DEFENSES

Having fully answered Plaintiffs' Complaint, Defendant asserts the following affirmative and other defenses:

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

## (RULE 11: FRIVOLOUS PLEADING)

63.     Defendant states that Plaintiffs' Complaint, each and every allegation, cause of action, and factual contention asserted against this answering Defendant therein, lack evidentiary support and are completely frivolous in nature. Defendant hereby provides notice that it will, at the appropriate time, file a motion with the Court pursuant to Rule 11 of the Federal Rules of Civil Procedure to recover sanctions against the Plaintiffs and the costs, including attorney's fees, incurred in defending this frivolous lawsuit.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

## (DENIAL OF ALLEGATIONS NOT SPECIFICALLY ADMITTED)

64.     Defendant denies each and every allegation in the Complaint not specifically admitted herein.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

## (ALL ALLEGATIONS OF FAULT, CAUSATION & DAMAGES DENIED)

65.     Defendant denies all allegations of fault, causation and damages in the Complaint.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

## (FAILS TO STATE SUFFICIENT FACTS)

66.    Defendant states that Plaintiffs' Complaint, and each and every cause of action contained therein, fails to state facts sufficient to constitute a cause of action against Defendant.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

## (STATUTE OF LIMITATIONS)

67.    Defendant states that each of Plaintiffs' causes of action in the Complaint are barred by the applicable statutes of limitations thereby depriving this Court of jurisdiction and/or barring recovery of any alleged damages.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

## (FAILURE TO USE REASONABLE CARE)

68.    Defendant states on information and belief that any damages suffered by Plaintiffs were proximately caused, in whole or in part, by Plaintiffs' failure to exercise reasonable care under the circumstances and therefore, Plaintiffs' recovery, if any, must be diminished by the proportion of Plaintiffs' negligence which proximately caused or contributed to Plaintiffs' alleged damages.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

## (CONDUCT OF THIRD PARTY)

69.    Defendant states on information and belief that any damages suffered by Plaintiffs were proximately caused, in whole or in part, by the negligence or other actionable conduct of persons, entities or parties other than Defendant. Therefore, should Defendant be found liable to Plaintiffs as a result of the incident alleged in the Complaint,

the amount of Plaintiffs' recovery, if any, should be no greater than an amount which is equal to Defendant's proportionate share, if any, of the combined negligence or other actionable conduct of those persons or entities, named or unnamed, served or unserved, whose negligence or actionable conduct proximately caused Plaintiffs' alleged damages.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

### (PRODUCT MISUSE)

70.     Defendant states on information and belief that the firearm referenced in the Complaint was subject to abnormal or unintended use and/or misuse which was unreasonable and not reasonably foreseeable to or expected by Defendant including, but not limited to, the abnormal or unintended use and/or misuse of said firearm by the individuals owning, possessing, handling or storing said firearm.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

### (NO DEFECT)

71.     Defendant states that Plaintiffs' claims are barred, in whole or in part, because Hi-Point firearms are not defective or unreasonably dangerous. The harm for which Plaintiffs seek to recover compensatory damages was caused by an inherent characteristic of the firearm referred to in the Complaint which cannot be eliminated without substantially compromising the firearm's utility, function, and/or desirability, and which is recognized and expected by an ordinary person with the ordinary knowledge common to the community.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

## (PRODUCT ABUSE)

72.     Defendant states on information and belief that any damages suffered by Plaintiffs were a direct and proximate result of product abuse.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

## (PRODUCT ALTERATION)

73.     Defendant states on information and belief that the firearm referenced in the Complaint was substantially altered, changed or modified to a condition different from that in which it was when it left Defendant's care, custody, and control and that such substantial alteration, change or modification could not reasonably be foreseen or expected by Defendant.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

## (NO FORESEEABILITY)

74.     Defendant states that Plaintiffs are barred from recovery against Defendant because the alleged injuries, allegedly defective condition, and/or manner in which the product was used by the Plaintiffs were not reasonably anticipated by or foreseeable to Defendant.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

## (ASSUMPTION OF RISK)

75.     Defendant states on information and belief that at the time and place of the incident described in the Complaint, and prior thereto, Plaintiffs had knowledge of the risks and alleged defects described in the Complaint as well as the specific risks and hazards involved in the use and operation of firearms, and that Plaintiffs knew and

appreciated the magnitude and risk of serious injury potentially involved in such activities. Notwithstanding this knowledge, Plaintiffs voluntarily chose to encounter the aforementioned risks and alleged defects and acted in a manner known by Plaintiffs to be contrary to the instructions and warnings of Defendant and others, and in a manner contrary to common sense and good judgment, thereby assuming the primary risk of injury. Plaintiffs are, therefore, barred and precluded from any recovery from Defendant.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

## (NO CAUSATION AS A RESULT OF PLAINTIFFS' ACTIONS)

76.     Defendant states on information and belief that the Plaintiffs' acts of negligence or other wrongful conduct initiated the incident described in the Complaint. Thus, Plaintiffs' claims against Defendant are barred in whole or in part because the negligence or other wrongful conduct on the part of the Plaintiffs was the sole cause of the incident described in the Complaint and Plaintiffs' alleged damages.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

## (SUPERSEDING/INTERVENING CAUSE(S))

77.     Defendant states on information and belief that any damages suffered by Plaintiffs were a direct and proximate result of superseding and/or intervening cause(s).

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

## (SOPHISTICATED USER)

78.     Defendant states on information and belief that Plaintiff and/or their "friend" was a sophisticated user of the firearm referred to in the Complaint and, therefore, Plaintiffs' claims against Defendant are barred.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

## (ADEQUATE WARNING)

79.     Defendant alleges, upon information and belief, that Plaintiffs fully understood and already knew of the risks of harm and alleged defects described in the Complaint at the time of the incident referred to therein but ignored Defendant's adequate warnings and common sense.   Thus, no additional warning was necessary and/or no additional warning would have, or could have, prevented the incident referred to in the Complaint and/or the injuries, damages or losses alleged therein.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

## (OBVIOUS DANGERS)

80.     Defendant states that Plaintiffs' claims are barred, in whole or in part, to the extent they are based upon an alleged duty to warn of risks associated with the use of firearms because those risks are, and at all relevant times have been, commonly known.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

## (FAILURE TO MITIGATE)

81.     Defendant states on information and belief that Plaintiffs have failed to mitigate their damages, if any, suffered as a result of the incident set forth in the Complaint.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

## (NO RELIANCE ON ADVICE, JUDGMENT, SKILL)

82.     Defendant states on information and belief that Plaintiffs did not rely on the advice, judgment and/or skill of Defendant in purchasing or making use of the product referenced in the Complaint.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

## (NO NOTICE OF BREACH OF WARRANTY)

83.     Defendant states on information and belief that Plaintiffs' claims for breach of warranty are barred due to the failure of Plaintiffs, or anyone else, to give prompt and reasonable notice to Defendant of any alleged breach of warranty.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

## (WARRANTY VOIDED)

84.     Defendant states on information and belief that Plaintiffs' claims are barred, in whole or in part, because any and all warranties made, given or extended by Defendant were voided as a result of Plaintiffs', Plaintiffs' agents, "friends," associates, acquaintances, employers or other third parties' failure to comply with Defendant's instructions, warnings, and/or cautions regarding the use, maintenance, repair, assembly, disassembly and/or operation of the product referenced in the Complaint.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

## (NO PRIVITY OF CONTRACT)

85.     At all times and places mentioned in the Complaint, Defendant alleges, on information and belief, that Plaintiffs were not in privity of contract with Defendant and said lack of privity bars Plaintiffs' recovery herein upon any theory of warranty or contract, express or implied, oral or written.

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

## (STATE OF THE ART)

86.     The state of the medical, scientific, and industrial knowledge and practices was at all material times such that this answering Defendant neither breached any alleged

duty owed to Plaintiffs, nor knew, or could have known, that the product(s) it manufactured designed or distributed presented a foreseeable risk of harm to Plaintiffs in the normal and expected use of such product(s).  Any product(s) designed, manufactured, formulated, sold, assembled or distributed by this answering Defendant were made consistent with the state of the art applicable to said product(s) at the time of their design, manufacture, formulation, sale, assembly or distribution.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (NO KNOWLEDGE OF ALLEGED DEFECTS)

87.     Defendant states that the alleged defect, if any, in the product referenced in the Complaint was not known nor could it have been known to or discovered by Defendant.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (PREEMPTION)

88.     Defendant states that Plaintiffs' claims are barred in whole or in part as they are preempted by applicable Federal, State or local constitutions, statutes, rules, regulations or laws.

### AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (GOVERNMENT CONTRACT)

89.     Defendant states that Plaintiffs' claims are barred in whole or in part because the firearm referred to in the Complaint was designed, manufactured, distributed and sold pursuant to the specifications in a valid government contract.

## AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

## (COMPLIANCE WITH STANDARDS)

90.    Defendant states that Plaintiffs' claims are barred in whole or in part because the firearms referred to in the Complaint complies with customary, industry and/or government standards.

## AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

## (INDISPENSIBLE PARTIES)

91.    Defendant alleges on information and belief that Plaintiffs have failed to join one or more indispensible parties in this action.

## AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

## (SATISFACTION, RELEASE, ACCORD)

92.    Defendant alleges on information and belief that all or part of Plaintiffs' claims are barred by satisfaction, release or accord.

## AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

## (VENUE)

93.    Defendant alleges on information and belief that this action should be dismissed as it has been filed in an improper venue.

## AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

## (JURISDICTION)

94.    Defendant states that this action should be dismissed because the Court lacks personal jurisdiction over Defendant.

## AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE

## (UNREASONABLE USE)

95.     Defendant alleges on information and belief that prior to the incident made the basis of this action, Plaintiffs had knowledge of the allegedly defective condition complained of and continued to unreasonably use the firearm referred to in the Complaint with said knowledge. As such, Plaintiffs' claims are barred in whole or in part.

## AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE

## (IMPROPER SERVICE)

96.     Defendant states that Plaintiffs are barred from recovery against Defendant based on the improper service of the Summons and Complaint.

## AS AND FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE

## (ESTOPPEL)

97.     Defendant states on information and belief that as a result of Plaintiffs' negligent and/or improper conduct, acts and/or omissions, Plaintiffs are estopped from claiming the damages alleged against Defendant in the Complaint.

## AS AND FOR A THIRTY SIXTH AFFIRMATIVE DEFENSE

## (LACHES)

98.     Defendant alleges on information and belief that Plaintiffs have unreasonably delayed in filing and serving this action, without good cause therefore. Said delay has directly resulted in prejudice to Defendant, and, therefore, this action is barred by the doctrine of laches.

## AS AND FOR A THIRTY SEVENTH AFFIRMATIVE DEFENSE

## (SPOLIATION OF EVIDENCE)

99.     Defendant states on information and belief that Plaintiffs are barred from recovering against Defendant because Plaintiffs, Plaintiffs' agents, or a third party have not properly maintained evidence and are guilty of spoliation of evidence because they have lost, destroyed, covered over, misplaced, altered, modified, failed to preserve, failed to provide notice to preserve evidence material to pending or reasonably foreseeable litigation, and hindered Defendant's access to relevant and material evidence.

## AS AND FOR A THIRTY-EIGHTH AFFIRMATIVE DEFENSE

## (UNCLEAN HANDS)

100.     Defendant alleges on information and belief that Plaintiffs are precluded from maintaining any cause of action against Defendant because Plaintiffs' actions preclude equitable relief under the doctrine of unclean hands.

## AS AND FOR A THIRTY-NINTH AFFIRMATIVE DEFENSE

## (OTHER AFFIRMATIVE DEFENSES)

101.     Defendant hereby gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and reserves its right to amend its Answer to assert such defenses.

## PRAYER

WHEREFORE, having fully answered, this answering Defendant prays for judgment and relief as follows:

1.     That Plaintiffs take nothing from this answering Defendant by reason of their Complaint and be sanctioned for filing a frivolous pleading that completely lacks evidentiary support;

2.      That the Complaint be dismissed with prejudice on the merits as to this answering Defendant;

3.      For judgment in favor of this answering Defendant and against Plaintiffs as to each and every cause of action set forth in Plaintiffs' Complaint;

4.      That this answering Defendant be awarded its costs for this lawsuit, including its attorneys' fees;

5.      That the trier of fact determine the percentage of the fault or other liability of all persons, entities or parties whose fault or other liability proximately caused Plaintiffs' alleged damages attributable to each such person;

6.      That any judgment for damages against this answering Defendant in favor of Plaintiffs be no greater than an amount which equals this answering Defendant's proportionate share, if any, of the total fault or other liability which proximately caused Plaintiffs' alleged damages;

7.      That this answering Defendant be awarded appropriate credits and setoffs arising out of any payment of workers' compensation benefits, workers' compensation settlements, retirement benefits, pensions, contributions from collateral sources, and/or awards as alleged above, and;

8.      That this answering Defendant be awarded such other and further relief as the Court herein deems proper and equitable.

## JURY DEMAND

Defendant hereby requests a trial by jury on all issues so triable.

DATED:  October 26, 2009                    Respectfully submitted,


By: /s/ STEPHEN J. DALESIO
      STEPHEN J. DALESIO, ESQ.
      (Pa. I.D. No. 58036)
      GREGORY C. SCHEURING, ESQ.
      (Pa. I.D. No. 90043)
      DAVIES, McFARLAND & CARROLL, P.C.
      Firm I.D. No. 281
      One Gateway Center, 10th Floor
      Pittsburgh, Pennsylvania 15222
      sdalesio@dmcpc.com
      Telephone: (412) 281-0737
      Facsimile:  (412) 261-7251

      And


      JOHN F. RENZULLI
      (*Pro hac vice to be filed*)
      CHRISTOPHER RENZULLI
      (*Pro hac vice to be filed*)
      JOHN A. TARTAGLIA III
      (*Pro hac vice to be filed*)
      RENZULLI LAW FIRM, LLP
      81 Main Street, Suite 508
      White Plains, New York 10601
      Telephone: (914) 285-0700
      Facsimile:  (914) 285-1213

      Attorneys for Defendant BEEMILLER, INC.

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| REGIS ELLIS et al., | ) | CIVIL ACTION NO.: |
| Plaintiffs, | ) | |
| v. | ) | |
| BEEMILLER, INC., et al., | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Answer to Plaintiffs' Complaint was served upon all counsel of record via U.S. Mail, on this, the 26th day of October, 2009, and addressed as follows:

Jason M. Schiffman, Esquire
Schiffman & Wojdowski
1300 Fifth Avenue
Pittsburgh, PA 15219
(Counsel for Plaintiffs)

Nancy R. Winschel, Esquire
Dickie, McCamey & Chilcote
Two PPG Place, Suite 400
Pittsburgh, PA 15222-5402
(Counsel for Defendant Federal Cartridge Company)

MKS Supply, Inc., t/d/b/a
Hi-Point Firearms
8611-A North Dixie Drive
Dayton, OH 45414

By: /s/ STEPHEN J. DALESIO
STEPHEN J. DALESIO, ESQ.
(Pa. I.D. No. 58036)
GREGORY C. SCHEURING, ESQ.
(Pa. I.D. No. 90043)
DAVIES, McFARLAND &
  CARROLL, P.C.
Firm I.D. No. 281
One Gateway Center, 10th Floor
Pittsburgh, Pennsylvania 15222
sdalesio@dmcpc.com
Telephone: (412) 281-0737
Facsimile: (412) 261-7251

And

JOHN F. RENZULLI
(*Pro hac vice to be filed*)
CHRISTOPHER RENZULLI
(*Pro hac vice to be filed*)
JOHN A. TARTAGLIA III
(*Pro hac vice to be filed*)
RENZULLI LAW FIRM, LLP
81 Main Street, Suite 508
White Plains, New York 10601
Telephone: (914) 285-0700
Facsimile:  (914) 285-1213

Attorneys for Defendant BEEMILLER,
INC.