IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REGIS ELLIS and BONNIE ELLIS, his Wife, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) Civil Action No. 09-1414 ) |
| BEEMIILLER, INC., et al., | ) ) |
| Defendants. | ) |

ORDER

AND NOW, this 5th day of October, 2010, upon consideration of Plaintiffs' "Motion to Quash Defendants' Subpoenas" (Document No. 29) filed in the above-captioned matter on September 24, 2010, and upon further consideration of Defendants' Response thereto filed on October 4, 2010,

IT IS HEREBY ORDERED that said Motion is DENIED.

Plaintiffs request that the Court quash subpoenas served on five health care providers who provided medical treatment to Plaintiff Regis Ellis, arguing that the subpoenas demand the disclosure of information that is protected by common law physician-patient privilege, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and Federal Rule of Civil Procedure 45. The Court finds no merit in any of Plaintiffs' arguments.

First, Plaintiff Regis Ellis waived any physician-patient privilege he may have had in the information requested by the subpoenas by filing suit and placing his

1

medical condition at issue. See In re: Asbestos Products Liability Litig. (No. VI), 256 F.R.D. 151, 155 (E.D. Pa. 2009) (citing Williams v. Rene, 72 F.3d 1096, 1103 (3d Cir. 1995)); Lane v. Gay, 2007 WL 2728626 (W.D. Pa. Sept. 17, 2007). Plaintiffs allege, in their complaint, that Plaintiff Regis Ellis, as a result of Defendants' conduct, has suffered and will continue to suffer great pain, suffering, mental anguish, and embarrassment; has been and will be required to undergo medical treatment; has incurred medical bills; has been disfigured; has been unable to enjoy the ordinary pleasures of life; and has been unable to perform his normal daily activities, including employment. They further allege that his general health, strength, and vitality have been impaired. Plaintiffs have therefore clearly placed Plaintiff Regis Ellis' physical and mental condition at issue in relation to the alleged misconduct involving the subject firearm.[1]

Moreover, HIPAA does not bar the disclosure of such information in response to a subpoena in a judicial proceeding. Although HIPAA does provide certain procedural safeguards in regard to the disclosure of such information in response to a subpoena, see 45 C.F.R. § 164.512(e), Plaintiffs do not allege that the subpoenas at issue here failed to adhere to any of these procedures, nor do they rely on or cite to Section 164.512(e) at all. Indeed, Plaintiffs merely state generally that the information at issue is protected by HIPAA without explaining why or how this is so.

---

[1] It should be noted that Plaintiffs do not argue that the subpoenas are overbroad or go beyond the scope of what Plaintiffs have placed at issue in this case. Rather, they merely make the broad contention that the information is privileged in general. As such, the Court does not address any issues regarding overbreadth. However, the Court does note that the subpoenas were directed to health care providers identified by Plaintiffs themselves in their initial disclosures pursuant to Federal Rule of Civil Procedure 26.

Finally, contrary to Plaintiffs' contentions, the subpoenas adhere to the requirement set forth in Federal Rule of Civil Procedure 45(a)(1)(A)(iii) that the subpoenas command the recipients to act at a specified time and place. The subpoenas clearly set forth the date and time when and the place where documents are to be produced. The fact that the cover letters for these subpoenas allow the recipients to provide the documents "on or before" that date and time does not change this.

Accordingly, Plaintiffs have failed to identify any basis under Federal Rule of Civil Procedure 45(c) to quash the subpoenas at issue. Therefore, Plaintiffs' motion is denied.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record